NOT DESIGNATED FOR PUBLICATION

No. 118,121

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSHUA LARON BROOKS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY E. GOERING, judge. Opinion filed April 6, 2018.
Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., BUSER and GARDNER, JJ.

PER CURIAM: Joshua Laron Brooks appeals the district court's decision revoking
his probation and ordering him to serve his underlying sentence. We granted Brooks'
motion for summary disposition in lieu of briefs pursuant to Kansas Supreme Court Rule
7.041A (2018 Kan. S. Ct. R. 47). The State has filed a response and requested that the
district court's judgment be affirmed.

On April 24, 2015, Brooks pled guilty to one count of domestic battery, a nongrid
person felony, in violation of K.S.A. 2013 Supp. 21-5414(b)(3). On June 3, 2015, the
district court sentenced Brooks to 12 months in jail and granted probation for 12 months.

1

At a hearing on August 2, 2016, Brooks admitted to violating his probation by failing to report to his intensive supervision officer (ISO) as directed, failing to notify his ISO of any change in address, failing to comply with all reasonable directives of his ISO, and failing to provide proof of fulltime employment. The district court imposed a two-day jail sanction for the violations and extended Brooks' probation for 12 months.

At a hearing on June 6, 2017, Brooks again admitted to violating the conditions of his probation on numerous grounds, including the commission of the new crimes of destruction of property/domestic violence and simple assault/domestic violence. The district court revoked Brooks' probation and ordered him to serve his underlying sentence subject to work release. Brooks timely appealed.

On appeal, Brooks claims the district court "erred in revoking his probation and ordering him to serve his underlying [jail] sentence." Brooks acknowledges that once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the sound discretion of the district court. He also acknowledges that if the offender commits a new felony or misdemeanor while on probation, the court may revoke probation without having previously imposed an intermediate sanction.

The procedure for revoking a defendant's probation is governed by K.S.A. 2017 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

K.S.A. 2017 Supp. 22-3716 generally provides that once a defendant has violated the conditions of probation, the district court must apply graduated intermediate sanctions before the court can revoke probation and order the defendant to serve the sentence imposed. See K.S.A. 2017 Supp. 22-3716(c)(1)(A)-(D). However, the requirement for a district court to consider intermediate sanctions before revoking a defendant's probation does not apply if the defendant was convicted of a felony specified in K.S.A. 2017 Supp. 21-6804(i)(1), which includes a conviction of domestic battery in violation of K.S.A. 2013 Supp. 21-5414(b)(3). See K.S.A. 2017 Supp. 22-3716(b)(3)(B)(iii).

Here, the district court was not required to consider intermediate sanctions before revoking Brooks' probation due to his underlying conviction of domestic battery. In any event, the record reflects that the district court imposed a jail sanction for Brooks' first probation violation rather than revoking his probation. Despite this act of leniency, Brooks violated his probation again on numerous grounds, including the commission of the new crimes of destruction of property/domestic violence and simple assault/domestic violence. Under the circumstances, the district court's decision to revoke Brooks' probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Thus, we conclude the district court did not abuse its discretion in revoking Brooks' probation and ordering him to serve his underlying sentence.

Affirmed.